IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COREY ARTIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:16-cv-03516-G |
| | § | |
| EQUIFAX INFORMATION SERVICES, LLC, a Georgia company, EXPERIAN INFORMATION SOLUTIONS, INC., an Ohio corporation, TRANS UNION, LLC, a Delaware limited liability company, and NAVIENT SOLUTIONS, INC., a Delaware corporation, | §§§§§§§§ | |
| | § | |
| Defendants. | § | |

## JOINT STATUS REPORT

Pursuant to Fed. R. Civ. P. 16(b) and this Court's Status Report Order signed on March 6, 2017 (Doc. 21), counsel for Navient Solutions, LLC, f/k/a as Navient Solutions, Inc.[1] ("NSL"), counsel for Trans Union LLC ("Trans Union"), counsel for Experian Information Solutions, Inc. ("Experian"), and counsel for Plaintiff Cory Artis conferred on March 27, 2017 and submit this Joint Status Report.

**(1)   A brief statement of the nature of the case, including the contentions of the parties.**

Plaintiff

This is a Fair Credit Reporting Act ("FCRA") case, wherein the Plaintiff has alleged that NSL is inaccurately reporting late payments regarding his student loans. Plaintiff alleges that he disputed NSL's reporting of the late payment by sending written correspondence to Experian and Trans Union, who in turn notified NSL of Plaintiff's dispute. Plaintiff further alleges that the Defendants failed to conduct a reasonable investigation regarding his dispute, and failed to update or remove the disputed information in willful and/or negligent

---

[1] In connection with an internal corporate reorganization, Defendant Navient Solutions, Inc. has converted to a Delaware limited liability company, and has changed its name from "Navient Solutions, Inc." to "Navient Solutions, LLC," effective as of January 31, 2017.

violation of the FCRA.

NSL

Navient denies Plaintiff's allegations, and further denies that Plaintiff is entitled to recover any damages.

Experian

Experian is a consumer reporting agency as that term is defined by the FCRA. As such, Experian compiles credit reports on individual consumers based on information provided by third-party entities. Experian contends that it properly reinvestigated Plaintiff's disputes as required by the FCRA, updated the information as appropriate, and timely reported the results of those reinvestigations to Plaintiff. At all relevant times, Experian maintained and followed reasonable procedures to assure maximum possible accuracy of the credit information it reported. Experian has not acted with malice, negligent, willful, or reckless intent to harm Plaintiff, nor with reckless or conscious disregard for the rights of Plaintiff, and Experian has fully complied with the FCRA in its handling of Plaintiff's disputes. Experian will also show that any alleged damage suffered by Plaintiff was not caused by Experian. This statement is based on the facts known by Experian at this time. Experian makes this statement without waiving any defense and reserves the right to supplement this statement as the facts develop.

Trans Union

As discovery has yet to commence, Trans Union cannot provide the Court with a complete factual background of the case as it relates the accounts made the subject of Plaintiff's Complaint. However, Trans Union believes it has accurately reported the accounts in question. Trans Union accepted information regarding Plaintiff only from reliable sources of credit data. At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the FCRA and assure maximum possible accuracy of the information contained in any consumer report related to Plaintiff. Further, Trans Union properly reinvestigated any information disputed by Plaintiff, verified, updated, or removed the information in accordance with the FCRA, and reported the results of those reinvestigations to Plaintiff. Trans Union will also show that any alleged damage suffered by Plaintiff was not caused by Trans Union.

Trans Union does not have knowledge or possession of facts or documents controlled by the Plaintiff, Navient, or other parties. Therefore, this statement is based on the facts known by Trans Union at this time.

**(2)** **Any challenge to jurisdiction or venue.**

None.

**(3)   Any pending motions.**

None at this time.

**(4)   Any matters which require conference with the court.**

None at this time.

**(5)   Likelihood that other parties will be joined.**

It appears unlikely at this time.

**(6)   (a) An estimate of the time needed for discovery, with reasons, and (b) specification of the discovery contemplated.**

(a)   The parties propose that the deadline for completing all discovery be September 30, 2017.

(b)   Based on what is presently known, Defendants anticipate conducting discovery on the following:

   i.   the facts and circumstances surrounding the allegations in Plaintiff's Complaint;
   ii.  the accuracy of the Navient accounts;
   iii. communications between Plaintiff and the Defendants;
   iv.  reinvestigations conducted by the Defendants;
   v.   communications between Plaintiff and his creditors;
   vi.  the facts and circumstances surrounding Plaintiff's alleged damages;
   vii. Plaintiff's attempts to mitigate his alleged damages;
   viii. Plaintiff's credit history and usage;
   ix.  any other issues raised by the pleadings or discovery.

**(7)   Requested trial date, estimated length of trial, and whether jury has been demanded.**

The Parties request a trial date of April 2018. The Parties estimate it will take 15-20 hours to present evidence in this case. Plaintiff requested a jury in the Petition.

**(8)   Whether the parties will consent to trial (jury or non-jury) before a United States Magistrate Judge per 28 U.S.C. § 636(c).**

The Parties do not consent to trial before a Magistrate.

**(9)   Prospects for settlement, and status of any settlement negotiations.**

Case No. 3:16-cv-03516-G; *Corey Artis v. Equifax Information Services, LLC, et al.*

The Parties are in the initial stages of settlement discussions, and following a complete investigation of the facts, intend to continue settlement considerations.

**(10)** **What form of alternative dispute resolution (*e.g.*, mediation, arbitration, summary jury trial) would be most appropriate for resolving this case and *when* it would be most effective (*e.g.,* before discovery, after limited discovery, at the close of discovery).**

A settlement conference with a magistrate judge may be a viable form of alternative dispute resolution after the Parties have completed discovery and exhausted informal settlement negotiations.

**(11)** **Any other matters relevant to the status and disposition of this case.**

The parties anticipate asking the Court to enter a stipulated protective order at a later date.

Dated:  March 28, 2017                                  Respectfully submitted,

              */s/ Justin Opitz*
Justin Opitz, SBN:  24051140
jopitz@mcguirewoods.com
**MCGUIREWOODS LLP**
2000 McKinney Avenue, Suite 1400
Dallas, Texas 75201
Telephone: 214.932.6400
Facsimile:  214.932.6499

**ATTORNEY FOR DEFENDANT NAVIENT SOLUTIONS, LLC**

              */s/ Andy Nguyen*
Nathan J. Schwartz, SBN:  24004032
Andy Nguyen, SBN:  24051113
**LAW OFFICE OF ANDY HGUYEN, PLLC**
1600 E. Pioneer Parkway, Suite 333
Arlington, Texas  76010
Telephone:  817.704.3303
Facsimile:  817.704.3287

**ATTORNEYS FOR PLAINTIFF COREY ARTIS**

       */s/ Allison Fuller*
Allison Fuller, SBN:  24087547
afuller@jonesday.com
**JONES DAY**
2727 North Harwood Street
Dallas, Texas 75201
Telephone:  214.220.3939
Facsimile:  214.969.5100

**ATTORNEY FOR DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.**


       */s/ Paul Myers*
Paul L. Myers, SBN:  14765100
paul.myers@strasburger.com
Danielle Evans, SBN:  24095319
danielle.evans@strasburger.com
**STRASBURGER & PRICE LLP**
2801 Network Blvd., Suite 600
Frisco, Texas  75034
Telephone:   469.287.3900
Facsimile:   469.287.3999

**ATTORNEYS FOR DEFENDANT TRANS UNION LLC**